COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-289-CV

 

 

ALIMADAD JATOI, M.D. AND                                              APPELLANTS

ALCINA JATOI

                                                   V.

 

ROBERT N. GRISHAM, II                                                         APPELLEE

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On December 12, 2006, Appellants Alimadad Jatoi,
M.D. and Alcina Jatoi, acting pro se, filed their brief with this court.  On December 15, 2006, we notified Appellants
by letter that the brief that they had filed was defective in substance and
form, and we specifically listed the ways in which the brief did not comply
with the rules of appellate procedure.  See
Tex. R. App. P. 38.1(a)-(j),
9.4(h).  We also stated that the
Appellants= failure to file an amended
brief complying with the rules on or before December 29, 2006, could result in
the striking of the noncompliant brief, waiver of any nonconforming points, or
dismissal of the appeal.  See Tex. R. App. P. 38.9.

On December 29, 2006, Appellants filed an amended
brief, which was also defective.  We
notified Appellants by letter dated January 4, 2007, that their amended brief
was defective in substance and form and stated that failure to file a second
amended brief that did comply with the rules by January 19, 2007, could result
in the striking of the noncompliant brief, waiver of any nonconforming points,
or dismissal of the appeal.  See id.  Appellants asked for and were granted an
extension of time to file their second amended brief.  Appellants ultimately filed a second amended
brief on April 26, 2007.  A review of the
second amended brief reveals that it is also defective in substance and form
and fails to present arguments that will enable this court to decide their
case.  See id. 

Rule 38.9 provides that Asubstantial
compliance@ with the briefing rules is
required.  Id.  If the court determines that the briefing
rules have been flagrantly violated as to form, the court may require the
appellant to amend, supplement, or redraw their brief.  Tex.
R. App. P. 38.9(a).  If the
appellant files another brief that does not comply, the court may strike the
brief, prohibit the party from filing another, and proceed as if the party did
not file a brief.  Id.








Accordingly, because this court has informed
Appellants of the substantial defects in their brief on two occasions and has
provided them two opportunities to amend their brief, and because Appellants
have failed to file an amended brief that substantially complies with the
requirements of rule 38 or that presents arguments that will enable this court
to decide their appeal, we strike Appellants= second
amended brief and dismiss this appeal.  See
Tex. R. App. P. 38.8(a)(1),
38.9(a), 42.3(c); Newman v. Clark, 113 S.W.3d 622, 623 (Tex. App.CDallas
2003, no pet.).

 

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: May 10, 2007











[1]See Tex. R. App. P. 47.4.